### FREILICH v. TUCKER.

(Supreme Court, Appellate Term.   June 24, 1910.)

BROKERS .(§ 61*)—COMPENSATION—DEFAULT BY OWNER.

    Where a broker procured a party who tendered performance according to terms made by the owner, but the owner could not perform because she had agreed to convey the property subject only to two mortgages aggregating a certain sum, whereas there was a third mortgage for an additional $2,000, the broker was not to be deprived of his commissions because of the owner's default.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93; Dec. Dig. § 61.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Freilich against Bessie Tucker.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Benjamin Koenigsberg, for appellant.

Samuel Fine, for respondent.

PER CURIAM.   The plaintiff sued to recover $250 alleged to be due as commissions for effecting the sale of certain real property owned by the defendant.   The defense was that the commission claimed was not to be paid if the purchaser refused to take title to the property sold, and that the purchaser so refused.   The facts were admitted.   The defendant employed the plaintiff to sell certain real property owned by her upon certain terms.   The plaintiff procured a party who contracted to purchase the property upon the defendant's terms. At the time set for the title to close, the purchaser tendered performance according to the terms of the contract of sale.   The defendant could not perform, because she agreed to convey the property subject only to two mortgages aggregating $33,000, whereas in fact there were three mortgages constituting liens of $35,000 upon the property.   The purchaser declined to take title to the property because of the existence of this additional mortgage for $2,000, which was not contemplated by the contract.

At the time the defendant employed the plaintiff to sell the property, she agreed to pay him $350, and that agreement was set forth in a memorandum of which the following is a copy:

"In consideration of bringing about the exchange of property No. 149 Ridge street, Manhattan, and No. 639 Shepherd Ave., Brooklyn, I hereby agree to pay Charles Freilich, the broker in said transaction, the sum of three hundred and fifty ($350) dollars in the following manner:   One hundred dollars upon this date, and the balance of two hundred and fifty dollars upon the closing of the title on December 27, 1909.   In the event of owner of the Shep-

—————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

herd avenue house refusing to take title and to pay the consideration, it is agreed that the total commission to be in full the one hundred dollars received. It being understood and acknowledged that these were the terms these premises were offered for sale to said broker.

"Dated N. Y., Dec. 2, 1909.

"[Signed]                                          Bessie Tucker.

"For value received, I hereby agree to the above, and acknowledge receipt of one hundred dollars ($100).

"Dated N. Y., Dec. 2, 1909.

"[Signed]                    .                    Charles Freilich."

The plaintiff received $100 at the time this agreement was signed. He now claims $250. The respondent contends that he is not entitled to the additional $250 under the contract of employment, because the purchaser refused to take title to the property.

The agreement of employment contemplated that the broker should receive only the sum of $100 in the event of the purchaser "refusing to take title and to pay the consideration" in accordance with the terms of the contract of sale. The purchaser did not so refuse. On the contrary, he tendered performance of the contract in accordance with its terms, but declined to perform in accordance with terms contrary to its provisions. The defendant failed to perform her part of the contract, but by that failure she could not defeat the plaintiff's claim for commission, under the facts of this case. The defendant cannot insist that the plaintiff's right to commissions was dependent upon the purchaser taking title to the property, because she was not prepared to convey the title she agreed to convey and the one he was willing, ready, and able to take. The plaintiff became entitled to the $250 additional commissions where the purchaser tendered performance of the contract of sale, and the defendant may not rely upon her own default to defeat the plaintiff's claim.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.